UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23627-BLOOM/Torres

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

EMPIREX CAPITAL LLC, *and*
RAFAEL ALBERTO VARGAS
GONZALEZ, *a/k/a* RAFAEL
VARGAS,

    Defendants.
_____/

## JUDGMENT AS TO DEFENDANT EMPIREX CAPITAL, LLC

**THIS CAUSE** is before the Court on the Security and Exchange Commission's ("Plaintiff") Unopposed Motion for Entry of Judgment Against Defendants Empirex Capital LLC and Rafael Vargas, ECF No. [18] ("Motion"). The Court previously granted the Motion, ECF No. [21], and separately sets out Judgment as to Defendant Empirex Capital, LLC ("Defendant"), pursuant to Rule 58 of the Federal Rules of Civil Procedure, as there is no just reason for delay for the entry of the Judgment, *see* Fed. R. Civ. P. 54(b) (providing that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.").

The Securities and Exchange Commission, having filed a Complaint; and Defendant Empirex Capital, LLC having entered a general appearance, consented to the Court's jurisdiction over Defendant and the subject matter of this action, consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings

of fact and conclusions of law, and waived any right to appeal from this Judgment, it is **ORDERED, ADJUDGED, AND DECREED** as follows.

    I.    **PERMANENT INJUNCTIVE RELIEF**

    **A. Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder**

1. Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

       (A) any investment strategy or investment in securities;

       (B) the prospects for success of any product or company;

       (C) the use of investor funds;

       (D) compensation to any person;

      (E) Defendant's qualifications to advise investors; and/or

      (F) the misappropriation of investor funds or investment proceeds.

2. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**B. Section 17(a) of the Securities Act of 1933**

3. Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

      (A) any investment strategy or investment in securities;

      (B) the prospects for success of any product or company;

      (C) the use of investor funds;

      (D) compensation to any person;

      (E) Defendant's qualifications to advise investors; and/or

      (F) the misappropriation of investor funds or investment proceeds.

4. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**C. Sections 5(a) and (c) of the Securities Act**

5. Defendant is permanently restrained and enjoined from violating Sections 5(a) and (c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or

offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

6. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**D. Sections 206(1) and (2) of the Investment Advisers Act of 1940**

7. Defendant is permanently restrained and enjoined from violating, while acting as an investment adviser, Sections 206(1) and (2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-6(1) and (2)] by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

   (a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

   (b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or investor or prospective investor in a pooled investment vehicle, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or

        misleading statement in any communication with any client or prospective client, or investor or prospective investor in a pooled investment vehicle, about:

            (A) any investment strategy or investment in securities;

            (B) the prospects for success of any product or company;

            (C) the use of client funds;

            (D) compensation to any person;

            (E) Defendant's qualifications to advise clients; and/or

            (F) the misappropriation of client funds or investment proceeds.

8. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II. CONDUCT-BASED INJUNCTION

9. Defendant is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities for its own personal account.

## III. DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

10. Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and

Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from September 21, 2023, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent, ECF No. [18-1], or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### IV. INCORPORATION OF CONSENT

11. Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all the undertakings and agreements set forth therein.

### V. RETENTION OF JURISDICTION

12. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Case No. 23-cv-23627-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 8, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record